# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| TEXAS TOP COP SHOP, INC., ET AL.,<br>    Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, ATTORNEY<br>GENERAL OF THE UNITED STATES,<br>ET AL.<br>    Defendants. | CIVIL ACTION NO.:<br><br>**DECLARATION OF GLEN LEWIS** |

## DECLARATION OF GLEN LEWIS

I, Glen Lewis, make the following declaration under penalty of perjury pursuant to the laws of the United States:

1.      I am over the age of 18, am under no legal disability, and am competent to testify. If called as a witness, I would and could testify competently to the facts set forth in this declaration based on my personal knowledge.

2.      I am the Chairman of the Libertarian Party of Mississippi ("MSLP"), one of the plaintiffs in this action.

3.      MSLP is a political organization, whose members seek to advance the platform of the National Libertarian Party within the State of Mississippi, through advocacy and elections for state and local office.

4.      MSLP is organized under the laws of the State of Mississippi, and is currently registered with the Mississippi Secretary of State.

5.      MSLP is committed to individual liberty and personal responsibility, a free-market economy of abundance and prosperity, and a foreign policy of non-intervention, peace and free

1

trade. MSLP further seeks a world of liberty; a world in which all individuals control their own lives and are never forced to compromise their values or sacrifice their property.

6.      MSLP espouses and promotes a robust separation of the state and federal government, and believes that individual liberty can best be protected by a strictly-limited federal government, which does not interfere with or restrict the rights of individuals.

7.      MSLP espouses and advocates for the adoption of the National Libertarian Party's platform within Mississippi state and local government.

8.      MSLP specifically advocates for the promotion and protection of individual privacy and government transparency. MSLP is committed to ending government's practice of spying on everyone. MSLP supports the rights recognized by the Fourth Amendment to be secure in our persons, homes, property, and communications. MSLP believes that protection from unreasonable search and seizure should include records held by third parties, such as email, medical, and library records.

9.      MSLP also advocates and supports the right to liberty of speech and action – accordingly it opposes all attempts by government to abridge the freedom of speech and press, as well as government censorship in any form.

10.     MSLP has publicly advocated for the repeal of the Corporate Transparency Act ("CTA") because its obligations impermissibly intrude on state sovereignty, it subjects law-abiding people to unconstitutional restrictions on free speech and association and unlawful intrusions into their private papers and effects.

11.     MSLP is not currently regarded as a political organization pursuant to Section 527 of the Internal Revenue Code, and thus is required to comply with the CTA.

12.     MSLP has no physical office, instead conducting its activities through its members.

2

13.     MSLP is a political organization that receives donations from individuals and entities, which it uses to promote political candidates for office in Mississippi and policies affecting the residents of the state.

14.     MSLP has less than $20,000 in assets, which it derived from donations, and which it uses solely for political expenditures for local candidates for office in the State of Mississippi, or state and local public policy issues affecting the residents of Mississippi.

15.     MSLP does not engage in economic activities outside of the State of Mississippi, and does not make political expenditures for candidates or issues outside of state.

16.     MSLP has designated a registered agent and registered address with the State of Mississippi, but has not disclosed the identities of each of its members, officers, delegates, volunteers, major donors, or others who have beneficial ownership interests or substantial control over MSLP.

17.     MSLP's bylaws control its corporate operations, and provide for governance by officers, each of whom must be a member of the state party and chosen by party members as officers, as well as the appointment of governing committees, and voting delegates.

18.     MSLP's bylaws require that a majority of its executive committee, comprised of state party officials, must authorize the expenditure of any party money.

19.     MSLP's bylaws also provide for amendment of the bylaws at the suggestion of any member of the state party, and will be enacted by a 2/3 majority of voting delegates, which are registered members of the state party.

20.     Mississippi law regards MSLP as a distinct legal entity, separate from its members, and does not require disclosure of its members, officers, beneficial owners or control persons.

3

21. Mississippi also specifically forbids use and disclosure of "a membership list or any part thereof" of a nonprofit corporation, without the consent of the board.

22. As a pre-existing nonprofit corporation registered with the Mississippi Secretary of State, MSLP would be required to comply with the CTA, and must file beneficial ownership reports with the Financial Crimes Enforcement Network ("FinCEN") before January 1, 2025.

23. MSLP would be forced to incur compliance costs should it file the required reports, including the cost of legal services related to reviewing relevant records and filings.

24. MSLP has not filed any beneficial ownership reports with FinCEN, and does not intend to disclose the identities of its beneficial owners (as defined by the CTA) absent a judicial declaration that it is required to comply with the CTA and its implementing regulations, because MSLP objects to the Act's intrusion into state sovereignty, restriction on First Amendment rights, and invasion of private papers and effects protected by the Fourth Amendment.

25. MSLP advocates for the repeal of the CTA, but does so as a corporate entity, in part, to protect the associational privacy interests of its beneficial owners.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May __, 2024

Glen Lewis

4