# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| TEXAS TOP COP SHOP, INC., ET AL., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No. 4:24-CV-478 |
| | § | Judge Mazzant |
| MERRICK GARLAND, ATTORNEY | § | |
| GENERAL OF THE UNITED STATES, | § | |
| ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before the Court is Defendants' Motion to Stay Preliminary Injunction Pending Appeal (Dkt. #35). Through it, Defendants move the Court to stay its Order preliminarily enjoining enforcement of the Corporate Transparency Act and its Implementing Regulations (Dkt. #33) pending a decision from the Fifth Circuit on Defendants' appeal (Dkt. #34). In their Motion to Stay, Defendants ask the Court for expedited relief, claiming that they will "seek relief from the Fifth Circuit on Thursday, December 12 [(today)] or Friday, December 13, if this Court has not granted relief by then . . . ." (Dkt. #35 at p. 1). But Plaintiffs have yet to have an opportunity to respond to Defendants' Motion. The Court cannot, and will not, rule on Defendants' Motion before Plaintiffs have filed a response. Both basic justiciability doctrines and fairness demand that.

According to the Court's filing system, Defendants filed the instant Motion on December 11, 2024, at 8:05 p.m. CST. The Court construes Defendants' Motion as one seeking emergency relief under the Court's Local Rules as it purports to require a ruling "to avoid imminent, irreparable harm such that a motion pursuant to Local Rule CV-7(e) to shorten the period for a

response is inadequate." Local Rule CV-7(l). The Court's Local Rules mandate that counsel filing

an emergency motion comply with four requirements:

1. the caption of the motion must begin with the word "emergency";
2. the motion must be electronically filed using the CM/ECF drop down menu option entitled "emergency";
3. the motion must clearly state the alleged imminent, irreparable harm and the circumstances making proceeding under Local Rule CV-7(e) inadequate; and
4. the chambers of the presiding judge must be notified, either by telephone, e-mail, or fax, that an emergency motion has been filed.

Local Rule CV-7(l). Defendants did not title their Motion to Stay as an "emergency." Defendants

did not file the Motion using the CM/ECF drop down menu option entitled "emergency."

Defendants did not notify the Court by telephone, e-mail, or fax that they had filed an emergency

motion. Further, under the Court's Local Rules, "documents filed electronically after 5:00 p.m.

Central Time shall be deemed served on the following day." Local Rule CV-5(a)(3)(C). Therefore,

Defendants' Motion effectively demands that the Court rule on their Motion the same day it was

filed without regard to any response Plaintiffs might offer. The Court declines to oblige

Defendants' request.

Because Defendants did not alert the Court that they had filed an emergency motion, the

Court became aware of the Defendants' Motion on the morning of December 12. While the Court

is certainly sensitive to the time constraints this case dictates and is aware of the Fifth Circuit's

briefing schedule, it must afford Plaintiffs an opportunity to respond. Accordingly, the Court

**ORDERS** that Plaintiffs respond to Defendants' Motion to Stay Preliminary Injunction Pending

Appeal (Dkt. #35) by **Monday, December 16, 2024, at 12:00 p.m. CST**. Only then may the Court

take up Defendants' Motion (Dkt. #35).

**IT IS SO ORDERED.**

**SIGNED this 12th day of December, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE