IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TEXAS TOP COP SHOP, INC., ET AL.,<br>    Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, ATTORNEY GENERAL OF THE UNITED STATES, ET AL.,<br>    Defendants. | CIVIL ACTION NO.: 4:24-CV-00478<br><br>**PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO STAY THE PRELIMINARY INJUNCTION PENDING APPEAL** |

Plaintiffs oppose Defendants' Motion for Stay of the Preliminary Injunction Pending Appeal. *See* Def.'s Mot., ECF No. 35. For the reasons below, this Court should deny the motion.

## ARGUMENT

### I.    Standard of review

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks omitted). Instead, a "stay pending appeal is extraordinary relief for which defendants bear a heavy burden." *Plaquemines Par. v. Chevron United States, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023) (internal quotation marks omitted). When courts consider a stay pending appeal, they must consider four factors: (1) whether the applicant "has made a strong showing that he is likely to succeed on the merits[,]" (2) "whether the applicant will be irreparably injured absent a stay[,]" (3) whether issuing a "stay will substantially injure other parties[,]" and (4) the public interest. *Nken*, 556 U.S. 418, 434. The "first two factors . . . are the most critical." *Id.*

### II.   As this Court found, the merits favor Plaintiffs.

This Court has already held that Plaintiffs—and *not* Defendants—have shown a likelihood of success on their claims that the CTA exceeds Congress' authority under Article I. *See generally*

Op. & Order. Defendants' motion, which reasserts arguments this Court already rejected, identifies no new reason their unbridled view of Article I is likely correct. Def.'s Mot. 6-7.

Defendants also suggest this Court erred when it enjoined the CTA and reporting rule nationwide. *Id.* at 7. But as this Court found, and the government previously conceded, Plaintiffs cannot obtain "meaningful relief without, in effect, enjoining the CTA and Reporting Rule nationwide." Op. & Order 77. A nationwide injunction was thus appropriate. *See Califano v. Yamasaki*, 442 U.S. 682 (1979) (observing that the use of equitable relief is appropriate to ensure an adequate remedy).

### III.   Because the CTA is likely unconstitutional, the equities favor Plaintiffs.

Given Plaintiffs' likelihood of success on the merits, the equities must favor Plaintiffs. *See Ala. Ass'n of Realtors v. HHS*, 594 U.S. 758, 766 (2021) ("our system does not permit agencies to act unlawfully even in pursuit of desirable ends.") This is especially true when, as this Court found here, Plaintiffs face irreparable injury absent an injunction. Op. & Order 23-32.

Further, a stay pending appeal allows the government to attempt to forcibly moot Plaintiffs' First and Fourth Amendment claims, as Plaintiffs would be compelled to make the disclosures that form the basis of these claims on January 1, 2025, on pain of criminal punishment. Courts may exercise equitable relief to preserve their jurisdiction. *See United States v. Hall*, 472 F.2d 261, 265 (5th Cir. 1972). The need to preserve final review of claims against a statute that this Court has already recognized is likely unconstitutional, counsels against a stay.

As this Court explained when it granted Plaintiffs' motion for preliminary injunction, Defendants also lack any legitimate interest in enforcing the likely unconstitutional CTA. Op. & Order 73-74; *BST Holdings, L.L.C. v. OSHA*, 17 F.4th 604, 618 (5th Cir. 2021) ("[a]ny interest OSHA may claim in enforcing an unlawful (and likely unconstitutional) ETS is illegitimate.") For

the same reason, the public interest weighs against a stay pending appeal. *See Louisiana v. Biden*, 55 F.4th 1017, 1035 (5th Cir. 2022).

Even so, Defendants' equities arguments fail on their own terms. Defendants suggest that the injunction "significantly disrupt[s] FinCEN's implementation of the CTA" and that, due to various resource expenditures and reliance interests, the CTA must go into effect on January 1, 2025. Def.'s Mot. 3-4. Defendants' week-long delay in seeking a stay, when the CTA's effective date is mere weeks away, weighs heavily against a stay. *See Daily Instruments Corp. v. Heidt*, 998 F.Supp. 2d 553, 570 (S.D. Tex. 2014) ("Absent a good explanation, a substantial period of delay militates against" an injunction). Since this Court issued the injunction, FinCEN has communicated to regulated parties that they "are not currently required to file beneficial ownership information with FinCEN[.]" FinCEN, *Beneficial Ownership Information*, fincen.gov, https://www.fincen.gov/boi. This is, of course, where anyone seeking to comply would be directed. Thus, while FinCEN now complains that relieving filers of their obligations while the merits can be adjudicated is too onerous, it need only continue to comply with the injunction. However, if this Court were to issue a stay, the regulated public would confront another about-face. This is troubling given the wide media attention that this Court's order has already received. *Declaration of Caleb Kruckenberg*, at 1. At this stage, given FinCEN's communications and significant public coverage about the CTA, a stay would add to—rather than mitigate—public confusion about the CTA.

Finally, Defendants have little interest in enforcing the CTA's arbitrary January 1, 2025, effective date, as implementation of the CTA has already taken several years. *See Louisiana v United States Dep't of Educ.*, No. 24-30399, 2024 U.S. App. Lexis 17886, at *9 (5th Cir. 2024) ("The DOE can hardly be said to be injured by putting off the enforcement of a Rule it took three years to promulgate after multiple delays.") Congress enacted the CTA almost five years ago, on

January 1, 2021, with no implementation date. FinCEN has done nothing more than settle on the current implementation date through its regulations. *See* 31 C.F.R. §§ 1010.380(a)(1)(i), (ii). The CTA has also never taken effect; the past five years have shown that our legal system can manage without any of the CTA's purported benefits touted by Defendants. While the government might fret over about an international "Financial Action Task Force . . . evaluation[,]" Def.'s Mot. 5, its mere inconvenience and feared loss of standing among certain foreign actors pales in comparison to the Plaintiffs' and the public's interest in preventing violation of their constitutional rights.

For these reasons, this Court should deny Defendants' request for a stay pending appeal.

Respectfully,

/s/ Christian Clase
CHRISTIAN CLASE*
CALEB KRUCKENBERG*
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Avenue, NW, Suite 625
Washington, D.C. 20036
Clase@cir-usa.org

JOHN C. SULLIVAN
Texas Bar. No. 24083920
S|L Law PLLC
610 Uptown Blvd, Suite 2000
Cedar Hill, TX 75104
John.Sullivan@the-sl-lawfirm.com

*Admitted *Pro Hac Vice*

*Attorneys for the plaintiffs*

## CERTIFICATE OF SERVICE

      I certify that on December 16, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of this filing to all counsel of record.

Respectfully,

/s/    Christian Clase
CHRISTIAN CLASE*

*Admitted *Pro Hac Vice*