1                    UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF TEXAS
2                          SHERMAN DIVISION

3    TEXAS TOP COP SHOP, INC.,        | DOCKET 4:24-CV-478
     ET AL                            |
4                                     | OCTOBER 9, 2024
     VS.                              |
5                                     | 9:00 A.M.
     ATTORNEY GENERAL MERRICK         |
6    GARLAND, ET AL                   | SHERMAN, TEXAS

7    ------------------------------------------------------------

8             VOLUME 1 OF 1, PAGES 1 THROUGH 67

9          REPORTER'S TRANSCRIPT OF MOTION HEARING

10      BEFORE THE HONORABLE AMOS L. MAZZANT, III,
                UNITED STATES DISTRICT JUDGE
11   ------------------------------------------------------------

12

13

14   FOR THE PLAINTIFFS:     CALEB KRUCKENBERG
                             CHRISTIAN CLASE
15                           THE CENTER FOR INDIVIDUAL RIGHTS
                             1100 CONNECTICUT AVENUE NW,
16                           SUITE 625
                             WASHINGTON, DC 20036

17

18   FOR THE DEFENDANTS:     FAITH LOWRY
                             DEPARTMENT OF JUSTICE - CIVIL
19                           1100 L STREET
                             WASHINGTON, DC 20005

20

21   COURT REPORTER:         CHRISTINA L. BICKHAM, CRR, RDR
                             FEDERAL OFFICIAL REPORTER
22                           101 EAST PECAN
                             SHERMAN, TX 75090

23

24

25        PROCEEDINGS RECORDED USING MECHANICAL STENOGRAPHY;
        TRANSCRIPT PRODUCED VIA COMPUTER-AIDED TRANSCRIPTION.

```
 1              (Open court, all parties present.)

 2              THE COURT:  Good morning.  Please be seated.

 3              We're here in case 4:24-cv-478, Texas Top Cop

 4   Shop, et al versus Garland, et al.

 5              And for the Plaintiffs?

 6              MR. KRUCKENBERG:  Good morning, your Honor.  Caleb

 7   Kruckenberg for the Plaintiffs.  I'm joined by my

 8   colleague, Christian Clase.  And I'll just note that I'm

 9   joined by Russell Straayer, who's one of the named

10   Plaintiffs, and he's at the table beside me.

11              THE COURT:  Okay.  Very good.

12              And for the Defense?

13              MS. LOWRY:  Good morning, your Honor.  Faith Lowry

14   for the Defendants.

15              THE COURT:  And where did you -- where did y'all

16   come from?

17              MS. LOWRY:  I am now down in San Antonio, so it

18   was a short flight up to Love.

19              THE COURT:  Not too bad.

20              MR. KRUCKENBERG:  And, your Honor, I'm coming from

21   Washington, DC.

22              MR. CLASE:  I'm coming from Nashville, Tennessee.

23              THE COURT:  Okay.  Well, welcome to Sherman.  I

24   assume it's your first time here.

25              MS. LOWRY:  It is.  It's a beautiful courthouse.
```

10/9/2024 Motion Hearing                                    3

 1   Happy to be here.

 2          THE COURT:  Yeah.  It's the oldest courthouse

 3   being used in the Fifth Circuit, so -- opened in 1907.

 4          Well, here's my thoughts, is I have a number of

 5   questions, and so we'll start with the Plaintiffs, if you

 6   want to take the podium.  And I thought I'd ask my

 7   questions that I have, and then you can say whatever else

 8   you want to say, so -- and I'll do that for both sides.

 9          MR. KRUCKENBERG:  Yes, your Honor.

10          THE COURT:  So are you doing slides or something,

11   or no?

12          MR. KRUCKENBERG:  No, your Honor.  I just have my

13   notes on my laptop.

14          THE COURT:  No, that's fine.

15          So let me start off and ask.  You don't explicitly

16   say you're asking for a nationwide injunction and -- but

17   the Government, I think, characterizes that's what you're

18   asking.  And so are you asking for a nationwide injunction

19   in terms of what the relief is, or is it just for the

20   parties before the Court?

21          MR. KRUCKENBERG:  Your Honor, we are asking -- I

22   think there are sort of two ways to look at it, but we're

23   really only asking for preliminary relief for the parties.

24   And when we say that, we mean the named Plaintiffs and also

25   the associational members of NFIB.

 1    had a basis for concluding that the means justify the ends.

 2    The necessary and proper test is still going to be the

 3    bounds on that power.

 4            THE COURT:  And then -- and I was going to ask you

 5    in the beginning and I didn't ask that, but -- because it

 6    was really I think your briefing that indicated or implied

 7    that they were seeking a nationwide injunction, which they

 8    said they are not.

 9            My question, though, for the Government is let's

10    say the Court grants some kind of injunction for these

11    parties.  How does that impact anybody else going forward?

12    I mean --

13            MS. LOWRY:  I would have two responses, your

14    Honor.

15            I think there are two totally dissimilar

16    categories of Plaintiffs here.  You have the sort of

17    individual businesses, and we can even include MSLP there.

18    Then you have NFIB, which everyone agrees is exempt from

19    the CTA already.  They do not have to file.

20            Plaintiffs are seeking injunctive relief on behalf

21    of their 300,000 members, which really is nationwide

22    injunctive relief.  Those parties are not before the Court.

23    I think they totally defeat the facial challenge here

24    because they demonstrate real business is taking place.

25    There are 300,000 of them who decided to be members in this

1  trade association.

2          So for all practical purposes, the limit that they

3  have offered here before the Court is a concession, and one

4  we welcome, but their brief sought to enjoin the CTA,

5  period, full stop.  And if they were granted relief as to

6  NFIB's members who have not even been named or disclosed,

7  that would be effective nationwide relief.

8          I think the -- to your Honor's latter point, that

9  would be a significant harm to the public interest in this

10  case because that would be 300,000 businesses excluded from

11  the reporting requirements -- which, you know, to be

12  effective, there has to be participation.  We're talking

13  about excluding unnamed companies in a way that would

14  totally frustrate the goals and aims of the CTA and its

15  compliance standards.

16          THE COURT:  Well, but, you know, if the Court

17  would ever -- it gets to the point of saying Congress

18  exceeded their authority, shouldn't there be some kind of

19  relief like that anyways?

20          And there's a mechanism if a Court grants an

21  injunction.  The Government can appeal and, you know -- I

22  get it -- i have a lot of appeals go to the Fifth Circuit,

23  and so I'm not -- and then they can determine whether or

24  not I was right or wrong if I grant any kind of relief.

25          But, I mean, it seems to me that the idea that it

 1   would thwart the goal of the CTA -- I understand that, but

 2   they only get there if -- if the Court is convinced that

 3   they have a likelihood of success on the merits is a good

 4   one, well, there should be relief, you know.

 5        So that's why I asked the question to them,

 6   because of what you said in your brief.  And I'm going to

 7   have them come back and answer this question about although

 8   they only asked for the parties, the 300,000 members is a

 9   legitimate issue.  Is it, in effect, giving nationwide

10   relief in a way?  But I'll ask him that question.

11        MS. LOWRY:  Yes, your Honor.  I mean, I,

12   obviously, acknowledge there are always potential appeal

13   rights.  There is a process to go through.  We have argued

14   there's no likelihood of success.  If you find there is a

15   likelihood of success, we turn to the other elements.

16        We would still argue that the equities favor the

17   Government here versus -- for individual businesses filing

18   their BOI information versus, you know, enjoining duly

19   enacted law of Congress.

20        But I take your Honor's point.  If you find that

21   it exceeded the power, you're obviously going to find that

22   the interest the Government has in the policy is decreased.

23        THE COURT:  And then if you want to address -- I

24   know he discussed a couple of the constitutional claims.

25   Again, I didn't ask a lot of questions -- although I have

1  Plaintiffs.  They have to do something.  They're -- they

2  have -- they're looking at the compliance date.  And once

3  they file, they have an ongoing obligation to update, to

4  maintain, to -- if any information changes.

5       So I think it is very hard for them to say there's

6  no irreparable harm, assuming this is invalid, which is

7  what this Court has to do when assessing that factor.

8       THE COURT:  And then what about -- what's your

9  response on the issue of the 300,000 members?  You're not

10 seeking nationwide injunction, but the Government says in

11 practicality you kind of are because the one member has

12 300,000 members.  What do you say to that?

13      MR. KRUCKENBERG:  Your Honor, I take the

14 conceptual concern with nationwide injunctions applying to

15 nonparties at face value.  And assuming that is a problem,

16 that's not a problem this Court has to deal with because we

17 have parties before the Court.  And it is a fundamental

18 aspect --

19      THE COURT:  Well, that doesn't answer the

20 question, though.  I mean --

21      MR. KRUCKENBERG:  Yeah.

22      THE COURT:  -- is it true that one client has

23 300,000 members that, in effect, would -- or could be --

24 you know, although not called a nationwide injunction, it

25 has that same impact?

```
 1              MR. KRUCKENBERG:  Well, it has on the parties

 2    before the Court because NFIB is here in a

 3    representation -- in a representative capacity for its

 4    members, which includes some of the named Plaintiffs but

 5    obviously not all of them.

 6              I mean, if the United States' position is we have

 7    to list them as Plaintiffs to be able to make them parties,

 8    I mean, that's just not true.  That's not the way our legal

 9    system considers multiple Plaintiffs or these sort of

10    complicated cases.

11              And if it's a matter of practicality, we can

12    certainly file a membership list as of the time of the

13    injunction with the Court under seal.  I mean, obviously,

14    we have concerns about privacy, and that's part of the

15    lawsuit.  But there is a way to deal with that.

16              THE COURT:  That's not the concern the Court has.

17    It's -- I'm just trying to determine, although you say

18    you're not asking for a nationwide injunction, could that

19    be the impact if the Court grants you relief to just the

20    Plaintiffs?

21              MR. KRUCKENBERG:  I mean, effectively, the members

22    are nationwide, yes.  There are members in every state.

23    But they are parties to this case, and they are in front of

24    this Court.

25              And so if the concerns are about the Court's
```

```
 1  equitable powers, which is what this debate usually centers
 2  on, there is no doubt that NFIB's members are before this
 3  Court.  They are within this Court's jurisdiction.  The
 4  United States is within this Court's jurisdiction.  And so
 5  I don't see an issue.
 6          THE COURT:  And then address the Government's
 7  response to the -- looking at the various equities that she
 8  asserts side with the Government or weigh with the
 9  Government in terms of granting any kind of injunction.
10          MR. KRUCKENBERG:  Well -- and, again, I would rely
11  on the Fifth Circuit.  I mean, this lives and dies in a lot
12  of ways on the merits because the Fifth Circuit, I think,
13  has been very clear.  When we have a regulatory obligation
14  like this, if it's invalid -- the Government has no
15  interest in maintaining invalid law and making people
16  follow an invalid law and incurring costs to do so.
17          And in the preliminary injunction context, I mean,
18  that is the appropriate -- this is the appropriate
19  mechanism.  We're saying this law shouldn't take effect.
20  This is a time-out, so you don't have to incur these
21  potentially unlawful compliance obligations and, here,
22  potentially unconstitutional obligations.  And so I think
23  the Fifth Circuit has just been very clear on that.
24          THE COURT:  And then her argument in terms of --
25  her best argument on the Commerce Clause was substantial
```

1          And if the Court has no other questions, we'll

2    rest on our briefing.

3          THE COURT:  Okay.  Very good.

4          Well, thank y'all both for your arguments.  I

5    enjoyed those immensely, and I will take the matter under

6    advisement.  I understand the time constraints, and I will

7    try to make a decision, you know, as quick as I can.

8          So -- and I will -- well, I don't want to promise

9    anything in terms of a date or anything, but we will work

10   on it diligently and get you an answer in plenty of time.

11         I have issued two nationwide injunctions -- now,

12   the one wasn't my fault.  I got a lot of criticism for it

13   by parties because they didn't file their request for

14   injunctive -- not by the parties but by the public years

15   ago.  But the motion for injunction came, like, right

16   before the deadline so -- for the rule to go into effect,

17   so it wasn't my fault.  But you've brought this in plenty

18   of attention -- plenty of time for the Court to resolve it,

19   and I will get it resolved in plenty of time so --

20         But, otherwise, we'll be in recess.  Thank y'all.

21         (Proceedings concluded, 10:31 a.m.)

22   COURT REPORTER'S CERTIFICATION

23         I HEREBY CERTIFY THAT ON THIS DATE, DECEMBER 16,
     2024, THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD
24   OF PROCEEDINGS.

25                    /s/
                      CHRISTINA L. BICKHAM, CRR, RDR