# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 5, 2025
Lyle W. Cayce
Clerk

No. 24-40792

---

Texas Top Cop Shop, Incorporated; Russell Straayer; Mustardseed Livestock, L.L.C.; Libertarian Party of Mississippi; National Federation of Independent Business, Incorporated; Data Comm for Business, Incorporated,

*Plaintiffs—Appellees*,

*versus*

Pamela Bondi, *U.S. Attorney General*; Treasury Department; Director FinCEN Andrea Gacki, *Director of the Financial Crimes Enforcement Network*; Financial Crimes Enforcement Network; Scott Bessent, *Secretary, U.S. Department of Treasury*,

*Defendants—Appellants*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:24-CV-478

---

## UNPUBLISHED ORDER

Before Higginbotham, Willett, and Ho, *Circuit Judges*.

Per Curiam:

No. 24-40792

Plaintiffs challenge the constitutionality of the Corporate Transparency Act, seeking (1) a declaratory judgment that the Act is unconstitutional, (2) an injunction barring its enforcement, and (3) a stay of the compliance deadlines set forth in the Act's implementing rule. The district court granted their request, issuing a nationwide injunction and staying the deadlines. The Government appealed.

Since filing this appeal, the Government has revised the Act's implementing rule. On March 26, 2025, it published an Interim Final Rule that "exempt[s] domestic reporting companies and their beneficial owners from the reporting requirements imposed through the Reporting Rule." 90 Fed. Reg. 13688, 13691.

We requested supplemental briefing from both parties on the impact, if any, of the Interim Final Rule on this interlocutory appeal. Plaintiffs contend the Interim Rule does not moot this case. The Government agrees, arguing that its interlocutory appeal remains live because we could still provide relief by reversing the district court and permitting implementation of the revised rule.

We agree that the Government's appeal is not moot—not yet, at least. The Interim Final Rule is, after all, interim. A case is not mooted simply "because it's *uncertain* whether the court's relief will have any practical impact on the plaintiff." *Dierlam v. Trump*, 977 F.3d 471, 477 (5th Cir. 2020) (emphasis added). As the Supreme Court has explained, "Courts often adjudicate disputes where the practical impact of any decision is not assured." *Chafin v. Chafin*, 568 U.S. 165, 175 (2013). The Government concedes that formally issuing a final rule could well moot this appeal. But unless and until that occurs, the controversy remains live.

That said, we are mindful that the Government's position remains unsettled.[1] It may choose to permanently withdraw the challenged portions of the implementing rule—thereby mooting the case—or retain them, keeping the controversy intact. Given that uncertainty—and in the interest of judicial economy—we believe the prudent course is to hold this appeal in abeyance until the final rule is issued,[2] which the Department of the Treasury says will happen "this year." 90 Fed. Reg. at 13689.

IT IS ORDERED that this appeal is HELD IN ABEYANCE pending issuance of a final rule.

_____

[1] In a similar appeal, another panel of our court elected to hold the case in abeyance pending the close of the Interim Final Rule's comment period. *Smith v. U.S. Dep't of the Treasury*, Case No. 25-40071 (5th Cir. May 20, 2025). The comment period closed on May 27, 2025. 90 Fed. Reg. at 13689. On June 23, the deadline in the *Smith* appeal was updated "pending a decision in 24-40792"—the appeal before us.

[2] The decision to hold a case in abeyance lies squarely within a court's discretion. As the Supreme Court has long recognized, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

# United States Court of Appeals

**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
Suite 115
**NEW ORLEANS, LA 70130**

August 05, 2025

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

   No. 24-40792   Texas Top Cop Shop v. Bondi
                    USDC No. 4:24-CV-478

Enclosed is an order entered in this case.

                   Sincerely,

                   LYLE W. CAYCE, Clerk

                   By: _____
                   Roeshawn Johnson, Deputy Clerk
                   504-310-7998

Mr. Robert Alt
Mr. Maxwell A. Baldi
Mr. Brett Christopher Bartlett
Mr. Grady Block
Mr. Christian Clase
Mr. Craig William Courtney
Mr. Murphy J. Foster III
Ms. Sarah Goetz
Mr. Scott Andrew Greytak
Mr. Andrew Michael Grossman
Mr. Steven H. Hazel
Mr. Neville S. Hedley
Mr. Alan M. Hurst
Ms. April Knoch
Mr. Caleb Kruckenberg
Mr. Sheng Tao Li
Ms. Faith E. Lowry
Mr. Steven Andrew Myers
Mr. John C. Neiman Jr.
Ms. Molly Nixon
Mr. David O'Toole
Mr. William Jeffrey Olson
Mr. Randall Pentiuk
Mr. Michael David Pepson
Mr. Joshua Martin Robbins
Mr. Gene C. Schaerr
Mr. Andrew Layton Schlafly
Ms. Sophia Shams
Mr. Reilly Stephens
Mr. John Clay Sullivan

```
Mr. Daniel Bentele Hahs Tenny
Ms. Robin F. Thurston
Mr. Stephen J. Van Stempvoort
Mr. Charles Devin Watkins
Mr. Walter M. Weber
Mr. Gregg Sandler Weinberg
Mr. Chance Weldon
Mr. John Marc Wheat
Mr. Michael Ray Williams
```